**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | |
|---|---|
| ABBIGAIL SILVA,<br><br>       Plaintiff,<br><br>  v.<br><br>EQUIFAX INFORMATION SERVICES, LLC<br>       Defendant. | Case No.: 7:26-CV-00141<br><br>Honorable Drew P. Tipton<br><br>Honorable Juan F. Alanis |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**

1. **Rule 26(f) meeting.** State where and when the parties held the meeting required by Rule 26(f). Identify the counsel who attended for each party.

   Pursuant to Federal Rule of Civil Procedure 26(f) and the Court's Order (Dkt. 5), the parties have conferred by videoconference on June 1, 2026. The following counsel attended the Rule 26(f) conference:

   > For Plaintiff: Landon Maxwell

   > For Defendant: Heliane Fabian; Seyfarth Shaw LLP

2. **Jurisdiction.**

   a. **Basis.** Specify the basis of federal jurisdiction. Identify any parties who disagree and the reasons.

   This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant regularly transacts business within this District, is otherwise subject to personal jurisdiction in this District, and a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

    **b.** **Diversity**. For jurisdiction based on diversity, identify any disagreement about the amount in controversy. If the case involves an unincorporated entity as a party (such as an LLC, LLP, or partnership), state the citizenship of every member or partner. Any such party must also attach to this filing an affidavit or declaration establishing the citizenship of every member.

    N/A

**3.** **Case background.**

    **a.** **General description.** Briefly describe what this case is about. In addition, state the elements of each cause of action, defense, and counterclaim.

Plaintiff: Plaintiff alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.,* against Equifax for failure to follow reasonable procedures to assure maximum possible accuracy of the information contained in credit reports concerning Plaintiff. Equifax reported inaccurate information concerning Plaintiff's public record and account/credit information in reports concerning Plaintiff Equifax prepared and sold to third parties. Due to Equifax's inaccurate reporting, Plaintiff suffered actual damages, including, *inter alia*, emotional distress and harm to Plaintiff's creditworthiness and ability to obtain credit.

Equifax:  Defendant Equifax Information Services LLC ("Equifax") is a consumer reporting agency as that term is defined under the FCRA. Equifax denies Plaintiff's claims and denies that it violated the FCRA. Equifax disputes that it failed to comply with § 1681e(b) or any other portion of the FCRA, and denies that it is liable to Plaintiff. Equifax specifically states that it maintained reasonable procedures to assure maximum possible accuracy in its credit reports concerning Plaintiff. Additionally, Equifax denies that Plaintiff is entitled to any of the relief sought in the Complaint, and specifically denies that Plaintiff can support a claim for punitive damages in this action. Equifax makes this statement without waiving

2

any defenses and reserves the right to supplement this statement as the facts are developed.

b. **Related cases.** List all related cases pending in any other state or federal court. Identify the court and case number. Describe how it relates to this case.

None.

c. **Class issues.** Describe any class-action or collective-action issues. Provide the proposed definition of the class. Identify the basis for any opposition.

N/A

4. **Parties.**

a. **Unserved parties.** List any unserved parties. State a date certain by which that party will be served.

None

b. **Additional parties.** List any anticipated additional parties. Identify the party seeking to add them, briefly explain why, and indicate a date by which to do so

None

c. **Interventions.** List and briefly explain any anticipated interventions.

The parties do not anticipate any intervention.

d. **Interested persons:** Certify that all parties have filed the Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons.

The parties certify that all parties have field the Disclosure of Interested Persons.

5. **Discovery.**

a. **Initial disclosures.** State whether each party has completed its Rule 26(a) initial disclosures. If not, specify the date by which each party will do so.

The parties agree that there should be no changes made in the timing, form, or requirement for disclosures under Rule 26(a). The deadline for the parties to exchange Initial Disclosures is June 15, 2026.                                    .

b. **Phases.** State whether the parties considered conducting discovery in phases.

The Parties do nott believe that discovery should be completed in phases nor limited to or focused on a particular issue.

c. **Completed.** Specify any discovery already underway or accomplished.

The Parties intend to exchange discovery requests within the next 30 days. The Parties are actively engaged in direct settlement negotiations at this time.

d. **Limitations.** Describe any requested change to limitations set by the Federal Rules of Civil Procedure as to interrogatories, depositions, or other matters.

Limitations on Requests for Production. Maximum of 30 requests for production by each party to any other party.

Limitations on Requests for Admission. Maximum of 30 requests for admission by each party to any other party.

e. **Preservation.** Describe any issues about preservation of discoverable information.

Discovery may encompass electronically stored information ("ESI"). The parties acknowledge their obligation to take reasonable and proportionate steps for preserving relevant and discoverable ESI within their possession, custody, or control. Each party shall conduct diligent searches of all reasonably accessible sources which it has reason to believe may contain ESI responsive to the opposing party's discovery requests. The parties acknowledge, further, that requests for ESI, and responses to those requests, must be reasonably targeted, clear, and as specific as practicable. The parties have discussed the production of ESI and have not agreed on a specific limit of the scope of production. Should any dispute concerning ESI arise during the pendency of this matter, the parties have agreed to meet and confer before seeking intervention from the Court.

The parties will produce ESI in unitized, fixed image format (e.g., .pdf or .tif) with accompanying text. Plaintiff wishes to reserve the right to redact from his ESI individually identifiable medical or health related information, the production of which may be governed or limited by federal or state statute.

The parties do not anticipate any issue regarding electronically stored information. Plaintiff and Defendants shall serve any Requests for Production pursuant to Fed. R. Civ. P. 34. Plaintiff and Defendants shall respond in good faith, producing such hard copy and electronic documents as it locates through a reasonable search. If after a reasonable review of the production, Plaintiff or any Defendants determine, in good faith, that additional information is needed, the parties will discuss the specific information sought and attempt to reach agreement on a search method to determine if the information sought can be located or confirmed not to exist. If the parties cannot reach an agreement, Plaintiff or any Defendants may raise the issue with the Court through a request for discovery conference, a motion to compel, or a motion for protective order.

f. **Disputes.** Specify any discovery disputes.

Plaintiff anticipates conducting discovery on the following subjects:

1) The circumstances surrounding Defendant's collection, verification, furnishing and/or reporting of the credit information at issue in this case;

2) Defendant's policies and procedures utilized to assure maximum possible accuracy in compliance with 15 U.S.C. § 1681e(b), as applicable;

3) Defendants' maintenance, preparation, and publication of Plaintiff's consumer reports and credit file; and

4) Third party discovery necessary to establish causation and damages.

Equifax anticipates conducting written and oral discovery on the following subjects: (1) whether Plaintiff's Equifax credit file contained an inaccuracy; (2) whether any Equifax consumer report regarding Plaintiff contained an inaccuracy; (3) whether

Equifax failed to maintain reasonable procedures to assure the maximum possible accuracy of consumer reports regarding Plaintiff; (4) whether Plaintiff disputed the accuracy of an item of information on Plaintiff's Equifax credit file; (5) whether any reinvestigation conducted by Equifax violated the FCRA; (6) whether Plaintiff has met the burden of proving a claim against Equifax for negligent noncompliance with the FCRA; (7) whether Plaintiff has met the burden of proving a claim against Equifax for willful noncompliance with the FCRA; (8) whether Plaintiff has suffered any damages proximately caused by any action or inaction of Equifax; (9) whether Plaintiff is entitled to any damages (actual, punitive, statutory, costs and/or fees) from Equifax pursuant to the FCRA; (10) whether  any damages suffered by Plaintiff was caused in whole or in part by a third party, an intervening or superseding cause, and/or action of Plaintiff; (11) whether Plaintiff failed to mitigate her damages; (12) whether some or all of Plaintiff's claims are barred by applicable statute of limitations; and (13) whether Plaintiff's claims for punitive damages under the FCRA violate the U.S. Constitution.

6.    **Orders.**

a. **Protective order.** State whether the parties will request a protective order. Describe any issues about confidentiality.

The parties anticipate that there will be a need for some discovery in this case to be governed by a protective order. The parties shall confer and then submit a jointly proposed protective order to the Court. The jointly proposed protective order shall include, in the first paragraph, a concise but sufficiently specific recitation of the particular facts in this case that would provide the court with an adequate basis upon which to make the required finding of good cause pursuant to Fed. R. Civ. P. 26(c). If the parties disagree concerning the scope or form of a protective order, the party or

parties seeking such an order shall file an appropriate motion and supporting memorandum.

b. **E-discovery order.** State whether the parties will request an electronic discovery order. Describe any issues about disclosure or discovery of electronically stored information.

The parties agree that if a receiving party believes that privileged or protected material may have been inadvertently disclosed or produced, said party will advise the producing party and proceed as required if such party asserts inadvertent disclosure. The parties agree that the recall, sequester, or return of any privileged or protected material is without waiver of the right to contest the claim of privilege or protection. The parties agree the mere fact of an inadvertent disclosure is not sufficient to waive any claim of privilege or protection. Before any party makes a motion to compel or challenges the claim of privilege, protection, or inadvertence of production or disclosure, the parties shall meet and confer regarding the challenge and attempt to find a way to resolve the dispute. The parties intend for their agreement to be considered an order pursuant to Federal Rule of Evidence 502(d). The parties agree that the standard Federal Rule of Evidence 502(b) applies to resolve any dispute about the inadvertence of a production or disclosure.

The parties agree that pursuant to Rules 5(b)(2)(E) and 6(d) of the Federal Rules of Civil Procedure any pleadings or other papers may be served by sending such documents by email to the email address(es) listed below (or any updated email address provided to all counsel of record). The format to be used for attachments to any email message shall be Microsoft Word (.doc) or Adobe Acrobat (.pdf). If an error or delayed delivery message is received by the sending party, that party shall promptly (within one

business day of receipt of such message) notify the intended recipient of the message and serve the pleading or other papers by other authorized means.

| **Party** | **Email Service Address(es)** |
|---|---|
| Plaintiff Abigail Silva | lmaxwell@consumerjustice.com<br>mcervantes@consumerjustice.com<br>ktanyag@consumerjustice.com |
| Defendant Equifax Information Services LLC | Heliane Fabian (hfabian@seyfarth.com)<br>Heather H. Sharp (hsharp@seyfarth.com)<br>Dee Davis (abdavis@seyfarth.com) |

7.  **Settlement.** Discuss the possibility for prompt, agreed resolution of the case at the Rule 26(f) meeting.  State whether the parties are amenable to early mediation or other settlement attempt.

The parties are actively engaged in settlement negotiations.

8.  **Trial.**

a.  **Magistrate Judge.** Indicate the parties' joint position on referral of this case for all purposes, including trial, to a Magistrate Judge.

The parties do not unanimously consent to the possibility of proceeding before the assigned Magistrate.

b.  **Jury demand.** Identify any party that has made a jury demand and whether it was timely.

Plaintiff has demanded a jury trial.

c.  **Length of trial.** Specify the total number of hours it will likely take to present the evidence at trial in this case.

The parties estimate trial to take 4-6 days.

9.  **Other matters.** List any other matter that needs to be addressed at the Scheduling Conference.

None.

10. **Proposed Scheduling Order.** Complete and attach a joint proposed scheduling order.  Use Form 4 on this Court's home page.[1]  Clearly indicate any disagreements with reasons in support of the requests made.

RESPECTFULLY submitted on June 3, 2026

By: */s/ Landon T. Maxwell*
Landon T. Maxwell, AZ #038439
Southern District of TX Bar No. 3943781
Consumer Justice Law Firm PLC
8095 N. 85th Way
Scottsdale, AZ 85258
T: (480) 626-1975
F: (480) 613-7733
E: lmaxwell@consumerjustice.com

*Attorney for Plaintiff*
*Abbigail Silva*

By: */s/ Heliane Fabian*
Heliane Fabian, Texas Bar No. 24109850
SDTX Fed. No.: 3850357
hfabian@seyfarth.com
SEYFARTH SHAW LLP
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone: (310) 277-7200
Facsimile: (310) 201-3021
Counsel for Defendant
Equifax Information Services LLC

*Attorney for Defendant*
*Equifax Information Services, LLC.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2026, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice of such filing to all attorneys of record in this matter. Since none of the attorneys of record are non-ECF participants, hard copies of the foregoing have not been provided via personal delivery or by postal mail.

*/s/ Kristine Tanyag*

326284198v.1

9

**<u>SCHEDULING ORDER</u>**

The disposition of this case will be controlled by the following schedule:

1. <u>September 1, 2026</u>     **MOTIONS TO ADD NEW PARTIES**
The party causing the addition of a new party must provide copies of this Order and all previously entered Orders to the new party.

2. <u>September 1, 2026</u>     **MOTIONS FOR LEAVE TO AMEND PLEADINGS**
Any party seeking leave to amend pleadings after this date must show good cause.

3. <u>February 26, 2027</u>     **EXPERTS (other than attorney's fees)**
The party with the burden of proof on an issue must designate expert witnesses in writing and provide the required report under Rule 26(a)(2).

<u>February 26, 2027</u>     The opposing party must designate expert witnesses in writing and provide the required report under Rule 26(a)(2).

4. <u>April 17, 2027</u>     **COMPLETION OF DISCOVERY**
Discovery requests are not timely if the deadline for response under the Federal Rules of Civil Procedure falls after this date. Parties may continue discovery beyond the deadline by agreement.

5. <u>May 17, 2027</u>     **PRETRIAL MOTIONS DEADLINE**
**(except for motions *in limine*)**
No motion may be filed after this date except for good cause. This includes motions to exclude experts.

6. <u>June 16, 2027</u>     **MEDIATION OR SETTLEMENT CONFERENCE**
Mediation or other form of dispute resolution must be completed by this deadline.

7. _____     **JOINT PRETRIAL ORDER AND MOTION *IN LIMINE* DEADLINE**
The Joint Pretrial Order will contain the pretrial disclosures required by Rule 26(a)(3) of the Federal Rules of Civil Procedure. Use the forms provided on the Court's website. https://www.txs.uscourts.gov/Tipton. Plaintiff is responsible for timely filing the complete Joint Pretrial Order. Failure to do so may lead to dismissal or other sanction in accordance with the applicable rules. **Exhibit**

**lists, witness lists and proposed deposition excerpts may not be amended or supplemented after this date unless by agreement**. Objections to any of these shall be filed no later than three business days after this date and responses to those objections shall be filed no later than six business days from this date.  **Boilerplate objections or responses will not be considered.**

8.     _____          **DOCKET CALL**
Docket Call will be held at 2:00 p.m.  The Court will not consider documents filed within seven days of docket call. The Court may rule on pending motions at docket call and will set the case for trial as close to docket call as practicable.

9.     Additional orders relating to disclosures, discovery, or pretrial motions:

_____

_____

Any party wishing to make a discovery or scheduling motion must obtain permission before the submission of motion papers. This includes any motion to compel, to quash, for protection, or for extension.  Lead counsel must personally confer on all discovery and scheduling disputes as a final attempt at resolution prior to involving the Court. To obtain permission, the party seeking relief must submit a letter not exceeding two pages. Identify the nature of the dispute, outline the issues, and state the contested relief sought. Describe the conference between lead counsel and summarize the results.  Send a copy to all counsel and unrepresented parties.  The opposing party should promptly submit a responsive letter of similar length identifying any disagreement. Do not submit a reply letter.  The foregoing letters should be sent by email to the Court's case manager, Kellie Papaioannou at Kellie_Papaioannou@txs.uscourts.gov.

It is SO ORDERED.

Signed this \_\_\_ of _____, 20\_\_.


_____
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**